FILED
2016 May-26 PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CALVIN BRADLEY COX, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Civil Action No.:** |
| MAIN STREET ACQUISITION | ) | |
| CORP., | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant and states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

2. Defendant sued the Plaintiff for a debt Plaintiff did not owe.

3. The lawsuit against Plaintiff was filed in a hope of obtaining a default judgment or coercing Plaintiff into paying on a debt Plaintiff did not owe.

4. This is the pattern of collection activity by Defendant in its collection lawsuits in Alabama.

5.   The Plaintiff won the lawsuit.

6.   Defendant Main Street may sue Plaintiff again, even though it lost its collection case, as Defendant Main Street did to Ed Crowe, which led to the case of *Ed Crowe v. Main Street Acquisition Corp.,* 2:14-cv-002326-AKK.

## JURISDICTION

7.   Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of Defendant's specific conduct with Plaintiff in Alabama.   All the actions described in this suit occurred in Alabama.

8.   Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

9.   Venue is proper as Defendant does business in this judicial district.

## PARTIES

10.   Plaintiff  Calvin Bradley Cox (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11.   Defendant Main Street Acquisition Corp., ("Defendant" or "Main Street[1]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA.  It is incorporated in Nevada and has its principal place of business in Nevada.

12.   Defendant Main Street claims to buy defaulted consumer debt.

13.   Defendant Main Street sends collection notices to consumers, makes collection calls to consumers, or has other debt collectors do these actions on behalf of Defendant Main Street.

## RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS

14.   Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

15.   Congress recognized that there are four social ills caused by abusive debt collection:  (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

16.   Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

---

[1] "Main Street" means Main Street directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

17.   15 USC § 1692 is entitled "Congressional findings and declaration of

purpose" and it states as follows:

(a)   There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)   **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)   It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

### The Small Claims Court Complaint

18.   On February 4, 2016, Defendant Main Street sued Plaintiff in the Small

Claims Court of Blount County, Alabama, with a case number of SM-2016-

900058.

19.   The Parnell & Crum, P.A. collection law firm, filed this suit.

20. In this suit, Defendant Main Street asserted it was the owner of a certain debt allegedly owed by Plaintiff.

21. Defendant Main Street alleged Plaintiff owed Main Street $1,801.37.

22. Defendant Main Street also claimed court costs.

23. The original creditor is listed as "Credit One Bank, N.A."

24. The suit has a warning to the Plaintiff Cox who was sued, that if Plaintiff Cox failed to respond, a judgment may be entered against Plaintiff Cox.

25. Defendant Main Street knows that Plaintiff has never done business with Defendant Main Street.

26. This lawsuit, and the other Alabama lawsuits filed by Main Street every year, was filed with the intention of getting settlements from pro se consumers and default judgments on debts that Defendant Main Street cannot and will not prove it has any right to collect on.

27. Defendant Main Street knew or should have known the statute of limitations had expired and the suit was improper.

28. Even if, for the sake of argument, the debt was ever owed to "Credit One" or even down the line to "Main Street," it was owed more than three (3) years before suit was filed and it was also over six (6) years from the time suit was filed.

29.   The contract that created the alleged debt, a document never revealed inside or outside of court to Plaintiff by Main Street, may hold that another State's laws control so the statute of limitation on a collection may very well be shorter than the time period allowed by Alabama.

30.   In any event, Main Street knew what the statute of limitation was and decided to file and to continue to leave pending a lawsuit that was beyond the applicable statute of limitations.

31.   Another intention of Defendant Main Street was to continue to allow the case to move towards trial with the intent that the Plaintiff would be intimidated into paying on a debt not owed and/or would not show up at trial and a default judgment would be entered.

32.   Defendant Main Street knew Plaintiff did not owe the debt sued on.

33.   Defendant Main Street made misrepresentations and false statements in the lawsuit (and in prior collection letters and/or calls) including that a debt was owed – Plaintiff owed none to Defendant Main Street.

34.   Defendant Main Street misrepresented the amount owed when Plaintiff owed Defendant Main Street nothing on this account.

35.   Defendant Main Street misrepresented the legal status of the debt as being owed when Plaintiff owed nothing to Main Street.

36.   Defendant Main Street misrepresented that Defendant Main Street had standing and the right to bring the lawsuit when Defendant Main Street did not have standing and did not have the right to bring the lawsuit.

37.   Defendant Main Street did not own the debt at the time the lawsuit was filed but it misrepresented that it did own the debt.

38.   Defendant Main Street did not own the debt at any time the lawsuit was pending but it misrepresented that it did own the debt.

39.   This bogus collection suit against Plaintiff was brought as part of a strategy and policy of scattershot litigation designed to sue Alabama consumers who do not owe the debt to Defendant Main Street in order to coerce or deceive the Alabama consumers into paying a debt not owed or to receive a judgment against the consumers, including Plaintiff.

**Plaintiff Answers The Main Street Lawsuit**

40.   Plaintiff did not and does not owe the debt to Main Street.

41.   Plaintiff filed an Answer denying the allegations of Defendant Main Street.

42.   Plaintiff filed the Answer on February 19, 2016.

43.   Defendant Main Street received a copy of this denial.

44.   Defendant Main Street understood that Plaintiff was refusing to pay on this debt.

45.   Defendant Main Street understood that Plaintiff disputed this debt.

46.   Defendant Main Street knew Plaintiff did not owe this debt.

47.   Defendant Main Street made a conscious choice to continue to allow the lawsuit to move forward even though Defendant Main Street knew that there was no merit to the case, but Defendant Main Street sought to use the lawsuit and the court process to force Plaintiff to pay money on a debt Plaintiff did not owe to Defendant Main Street.

48.   The case was set for Trial on April 12, 2016.

## Main Street Loses The Collection Case

49.   On April 12, 2016, District Court Judge Sherry C. Burns entered a judgment for Plaintiff Cox.

50.   Defendant Main Street offered no admissible evidence that Plaintiff owed Defendant Main Street or that Defendant Main Street owned the debt sued on.

51.   This ended the case Defendant Main Street filed against Plaintiff.

## Remaining Factual Allegations Against Defendant Main Street

52.   Defendant Main Street has collected (by letter, calls, credit reporting and the collection suit) against Plaintiff when Plaintiff did not owe any money to Defendant Main Street on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a non

existent debt from anyone or a debt that is zero from anyone, including Plaintiff.

53. Defendant Main Street has misrepresented the debt to Plaintiff, including the amount of the debt, as none is owed.

54. Defendant Main Street has misrepresented the debt to Plaintiff, including the legal status of the debt, as none is owed.

55. Defendant Main Street has taken action it knows is illegal including suing on a debt it knew Plaintiff did not owe, suing after the statute of limitations has expired, proceeding to trial when Defendant Main Street knew at the time and continues to know that it has no right to proceed to trial on a debt it does not own and that Plaintiff does not owe, falsely credit reporting a debt that Plaintiff does not owe, and sending (or having sent on its behalf) collection letters and/or collection calls.

56. Defendant Main Street knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, and abused by the collection calls and/or letters, filing of a meritless lawsuit, the filing of a lawsuit on a debt not owed by Plaintiff, the filing of a lawsuit when Defendant Main Street did not own the debt, the filing of a lawsuit after the statute of limitations has expired, by false credit reporting, by

misrepresenting numerous facts in the lawsuit and in collection calls and/or letters, and by all other wrongful acts described in this Complaint.

57.   The debt being collected is a consumer debt as defined by the FDCPA.

58.   Plaintiff is a "consumer" as defined by the FDCPA.

59.   Defendant Main Street is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of Defendant Main Street.

60.   Defendant Main Street has been sued in Alabama for filing suits with no basis to do so, thus showing Defendant Main Street knows its conduct in the present case is wrong.

61.   Defendant Main Street has full knowledge of what it is doing by filing bogus lawsuits and illegal credit reporting – it is a sophisticated debt collector (debt buyer) and the decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Defendant Main Street has no right to take under state law and under the FDCPA.

62.   Defendant Main Street knows that it is suing Alabama consumers (including Plaintiff) who do not owe the debts being sued upon.

63.   Defendant Main Street knows that it is suing Alabama consumers (including Plaintiff) on debts that Defendant Main Street does not own which Defendant Main Street knows is not allowed in Alabama.

64.   Defendant Main Street is counting on the fact that many Alabama consumers (including Plaintiff) will not answer and so default judgments will be entered.

65.   This type of "scattershot" litigation strategy is improper, deceptive, and abusive as it is fundamentally unfair and deceptive to sue consumers (including Plaintiff) who do not owe the debt and it is also improper to sue when there is no intention of proving the lawsuit filed.

66.   Defendant Main Street knows that its "scattershot litigation" is improper but it has decided that this is the most effective way (as opposed to only making collection calls, sending collection letters, and credit reporting) to obtain money from Alabama consumers who do not owe the money to Defendant Main Street.

67.   The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

68.  It is a practice of the Defendant Main Street to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

69.  All actions taken by employees, agents, servants, or representatives of any type for the Defendant Main Street were taken in the line and scope of such individuals' employment, agency or representation.

70.  At no time has Defendant Main Street told or implied to Plaintiff that any conduct by any agent or employee of Defendant Main Street was outside the line and scope of such employment or agency.

71.  This includes collection counsel and any outside collection agency for Defendant Main Street who in all ways conducted themselves in the line and scope of their agency and representation of Defendant Main Street.

72.  All actions taken by the Defendant Main Street were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

73.  Defendant Main Street has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such

Defendant Main Street is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

74.   Defendant Main Street is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

75.   At no time before the collection suit, during the collection suit, after the collection suit, or even up to the date this Complaint is filed, has Defendant Main Street directly or indirectly, expressly or implicitly, apologized to the Plaintiff for the conduct described in this Complaint which demonstrates that the conduct described was not accidental or unintentional but instead was intentional.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d

76.   Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

77. Defendant Main Street violated Section 1692d by collecting this debt as alleged in this Complaint in paragraphs 1-5, 10-13, and 18-75.

78. The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

79. Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

80. Defendant Main Street violated Section 1692e by collecting this debt as alleged in this Complaint in paragraphs 1-5, 10-13, and 18-75.

81. The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

82.  Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

83.  Defendant Main Street violated Section 1692e(2) by collecting this debt as alleged in this Complaint in paragraphs 1-5, 10-13, and 18-75.

84.  The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8)

85.  Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

86.  Defendant Main Street violated Section 1692e(8) by collecting this debt as alleged in this Complaint in paragraphs 1-5, 10-13, and 18-75.

87.    The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

88.    Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

89.    Defendant Main Street violated Section 1692e(10) by collecting this debt as alleged in this Complaint in paragraphs 1-5, 10-13, and 18-75.

90.    The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

91.    Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

92.   Defendant Main Street violated Section 1692f by collecting this debt as alleged in this Complaint in paragraphs 1-5, 10-13, and 18-75.

93.   The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

94.   Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

95.   Defendant Main Street violated Section 1692f(1) by collecting this debt as alleged in this Complaint in paragraphs 1-5, 10-13, and 18-75.

96.   The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

## INVASION OF PRIVACY

97.     Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Main Street violated Alabama state law as described in this Complaint in paragraphs 1-5, 10-13, and 18-75 and in the paragraphs of this Count.

98.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

99.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

100. Defendant Main Street intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

101. Defendant Main Street intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

102. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

103. The conduct of Defendant Main Street, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant Main Street which occurred in a way that would be highly offensive to a reasonable person in that position.

104. This conduct includes the filing of a public lawsuit against Plaintiff.

105.   A public lawsuit that has no merit and Defendant Main Street knew at the time it filed the lawsuit that it had no merit.

106.   All of the wrongful acts described in this Complaint (paragraphs 1-5, 10-13, 18-75 and in the paragraphs of this Count) demonstrate the wrongful scheme, plan, and design of Defendant Main Street in its campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

107.   The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

108.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant Main Street.

109.   All acts of Defendant Main Street were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Main Street is subject to punitive damages.

## COUNT IX.

## NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

110.  Defendant Main Street's collectors are allowed and encouraged to break state law in order to collect debts.

111.  This includes all of the violations of the law described in this Complaint in paragraphs 1-5, 10-13, and 18-75 and in the paragraphs of this Count.

112.  Defendant Main Street is aware of the wrongful conduct of its collectors.

113.  Defendant Main Street negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Main Street is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

114.  Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow bogus lawsuit after bogus lawsuit (including the one against Plaintiff) to be filed, and to be filed after the time period to sue had expired, to be "prosecuted" (actually there was nothing done by Defendant Main Street other than to hope Plaintiff would default or cave in to the

lawsuit), for false credit reporting to happen before during and after the lawsuit, unless this was part of a plan to be negligent in allowing incompetent collectors to run wild and damage Plaintiff while Defendant Main Street sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

115. The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT X.

## WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

116. Defendant Main Street's collectors are allowed and encouraged to break state law in order to collect debts.

117. This includes all of the violations of the law described in this Complaint in paragraphs 1-5, 10-13, and 18-75 and in the paragraphs of this Count.

118. Defendant Main Street is aware of the wrongful conduct of its collectors.

119. Defendant Main Street wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Main Street is thereby responsible

to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

120.   Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow bogus lawsuit after bogus lawsuit (including the one against Plaintiff) to be filed, and to be filed after the time period to sue had expired, to be "prosecuted" (actually there was nothing done by Defendant Main Street other than to hope Plaintiff would default or cave in to the lawsuit), for false credit reporting to happen before during and after the lawsuit, unless this was part of a well orchestrated design and plan of wantonly allowing incompetent collectors to run wild and damage Plaintiff while Defendant Main Street sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

121.   The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XI.

## INTENTIONAL HIRING, TRAINING, AND
## SUPERVISION OF INCOMPETENT DEBT COLLECTORS

122.  Defendant Main Street's collectors are allowed and encouraged to break state law in order to collect debts.

123.  This includes all of the violations of the law described in this Complaint in paragraphs 1-5, 10-13, and 18-75 and in the paragraphs of this Count.

124.  Defendant Main Street is aware of the wrongful conduct of its collectors.

125.  Defendant Main Street intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Main Street is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

126.  Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow bogus lawsuit after bogus lawsuit (including the one against Plaintiff) to be filed, and to be filed after the time period to sue had expired, to be "prosecuted" (actually there was nothing done by Defendant Main Street other than to hope Plaintiff would default or cave in to the

lawsuit), for false credit reporting to happen before during and after the lawsuit, unless this was part of an intentional well orchestrated design and plan of allowing incompetent collectors to run wild and damage Plaintiff while Defendant Main Street sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

127.   The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.

### WANTON CONDUCT

128.   Defendant Main Street had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

129.   Defendant Main Street had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

130.   Defendant Main Street acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint in paragraphs 1-5, 10-13, and 18-75 and in the paragraphs of this Count.

131. Defendant Main Street violated all of the duties Defendant Main Street had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

132. It was foreseeable, and Defendant Main Street did in fact foresee it, the each and every action of Defendant Main Street (filing a bogus lawsuit, filing after the statute of limitations had expired, and false credit reporting) would lead and did lead to the exact type of harm suffered by Plaintiff.

133. The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIII.

## MALICIOUS PROSECUTION AGAINST DEFENDANT MAIN STREET

134. Defendant Main Street instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so as Plaintiff did not owe Defendant Main Street the debt sued upon.

135. Defendant Main Street continued to prosecute the case with no reasonable basis to do so as Plaintiff did not owe Defendant Main Street the debt sued upon.

136.  Defendant Main Street filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against Plaintiff if Plaintiff did not answer the suit.  While this failed, the attempt by Defendant Main Street shows the malice against Plaintiff.

137.  Defendant Main Street instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay Defendant Main Street money on a non-existent debt.

138.  The malicious plan of Defendant Main Street included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and/or seizures of property and the Defendant Main Street tried to accomplish this by the Defendant Main Street's malicious and abusive actions.

139.  Throughout the entire illegal lawsuit against Plaintiff, Defendant Main Street knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant Main Street knew it was not entitled to receive.

140.  The litigation against Plaintiff filed by Defendant Main Street eventually resulted in adjudication in favor of Plaintiff on April 12, 2016.

141.   The illegal and improper actions of the Defendant Main Street constitute malicious prosecution and this cause of action is supported by paragraphs 1-5, 10-13, 18-75 and in the paragraphs of this Count.

142.   This is the pattern and practice of Defendant Main Street – to file suits with no basis in an attempt to obtain default judgments against Alabama consumers or to obtain settlements from Alabama consumers who do not realize the bogus nature of the suit filed by Defendant Main Street.

143.   The conduct of the Defendant Main Street has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____

**Attorney for Plaintiff**


**Serve defendant via certified mail at the following address:**

Main Street Acquisition Corp.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011